Argued 26 December, 1906; decided 12 January, 1907.

**WASHINGTON v. CLELAND.**

88 Pac. 305.

CRIMINAL LAW—PAYMENT OF FINE PENDING APPEAL.

The rule that the voluntary payment of a judgment pending an appeal operates as a satisfaction of the judgment applies to both civil and criminal cases, and no appeal can be taken from a judgment imposing a fine after the amount has been deposited with the clerk, even if such deposit was made under protest and solely to prevent being put in jail after the trial judge had refused to grant a stay of execution or fix the amount of bail, there being no statute in Oregon providing for the deposit of the amount of a fine pending an appeal.

Original petition for a writ of mandamus by Nellie Washington to compel John B. Cleland, as a judge of the circuit court for the County of Multnomah, to sign a bill of exceptions or show cause why he should not do so. Respondent demurs to the petition.        DISMISSED.

For petitioner there was an oral argument by *MacMahon.*

For respondent there was an oral argument by *Mr. Harry King Sargent.*

MR. JUSTICE HAILEY delivered the opinion of the court.

The plaintiff filed her petition for an alternative writ of mandamus to compel the defendant to sign a bill of exceptions, or show cause why he should not do so, in a criminal action against her, tried before him as one of the circuit judges of the Fourth Judicial District, in which action she was found guilty

of assault, and judgment entered imposing a fine of $200, or, in default of payment of such fine, that she be confined 100 days in jail. The petition alleges *inter alia* that the plaintiff gave notice of an appeal, served and filed the same immediately after judgment was entered against her, and presented a bond with sufficient sureties to the defendant, but that defendant stated that he would not fix a bond or grant a certificate of probable cause; that plaintiff was then remanded to the custody of the sheriff; and that, to release her from jail, "she paid into the coffers of the clerk of said court the sum of $200, not as a fine, but as a deposit for her release until the proceedings herein before this court could be heard." Notice of petition having been served upon defendant, he has demurred to the sufficiency of the petition.

One of the questions raised by this demurrer is whether or not the payment of the $200 to the clerk was a voluntary payment of the fine, and thus a satisfaction of the judgment, in which event no appeal would lie: *Batesburg* v. *Mitchell,* 58 S. C. 564-571 (37 S. E. 36) ; *Payne* v. *State,* 12 Tex. App. 160 ; *State* v. *Conkling,* 54 Kan. 108 (37 Pac. 992 : 45 Am. St. Rep. 270) ; *State* v. *Westfall,* 37 Iowa, 575 ; *Madsen* v. *Kenner,* 4 Utah, 3 (4 Pac. 992) ; *Commonwealth* v. *Gipner,* 118 Pa. 379 (12 Atl. 306) ; *People* v. *Leavitt,* 41 Mich. 470 (2 N. W. 812) ; *Powell* v. *People,* 47 Mich. 108 (10 N. W. 129). There is no provision under our code for the deposit, pending an appeal, of the amount of a fine imposed. In *Batesburg* v. *Mitchell,* 58 S. C. 564 (37 S. E. 36), the defendants paid their fines under protest, and yet the court said: "We know of no authority by which a person who has been convicted before a magistrate and sentenced to pay a fine can obtain the advantages of an appeal and staying the sentence imposed upon him, by doing that which the law does not provide for, instead of that which the law does provide for. It is not for persons accused and convicted of criminal offenses to choose the mode which suits them best of staying the execution of sentences imposed upon them, pending appeal; but they must adopt the mode specially provided by law for

that purpose. It seems to us, therefore, that, even if these fines were paid under the most formal protest, it would not have the effect of staying the sentence pending the appeal, but must be regarded as a compliance with one of the alternatives provided for in the sentence, and as putting an end to the case." So here, there being no provision under our code for such a deposit, the plaintiff cannot, by doing what the law does not provide, secure the advantage of an appeal; nor could the officers of the court receive the payment which she made for any purpose other than as a payment of the fine and release the plaintiff. The payment, therefore, must be considered as a voluntary payment of the fine. The fact that she made it to avoid going to jail does not make it any the less voluntary; for, if she had not tried to appeal, she would have been compelled to make the payment anyhow to avoid a like result. She simply chose one of the alternatives provided for in the sentence. The payment having been voluntary, the judgment was therefore satisfied, and, upon the authorities heretofore cited, no appeal would lie therefrom.

The determination of this question makes it unnecessary to pass upon the other questions raised by the demurrer. The demurrer will therefore be sustained, and the petition dismissed.

DISMISSED.

--------

Decided 12 January, 1907.