Argued May 5, decided June 3, 1913.

## STATE v. SWIKERT.

(132 Pac. 709.)

**Criminal Law—Appeal—Bill of Exceptions.**

1. Errors occurring at the trial cannot be reviewed in the absence of a bill of exceptions.

**Criminal Law—Appeal—Satisfaction of Judgment.**

2. In view of Section 1371, L. O. L., providing that a felony is a crime which is punishable by imprisonment in the penitentiary, and that, when such a crime is also punishable by a fine or imprisonment in a county jail, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the penitentiary, where accused was fined and also committed to the penitentiary, but was paroled if he paid the fine, which he did, the payment was not voluntary and satisfied the judgment only *pro tanto*, the judgment as to the imprisonment still standing, and he could appeal from the judgment.

[As to which judgments may be appealed from, see note in 20 Am. St. Rep. 178.]

Criminal Law—Sentence—Fine and Imprisonment.

·  3.   Under Section 1950, L. O. L., providing for an alternative judg-
ment of imprisonment in the penitentiary, in the county jail, or by a
fine, the court has no jurisdiction to impose a fine and also sentence
to the penitentiary.

> [As to invalidity of sentence of fine and imprisonment where
> the law imposes these punishments as alternatives, see note in 55
> Am. St. Rep. 268.]

Criminal Law—Appeal—Objections—Jurisdictions.

4.   Objections going to the jurisdiction of the court may be first
raised in the Appellate Court.

From Union: JOHN W. KNOWLES, Judge.

The defendant, Norman Swikert, was convicted of
the crime of larceny, and from the judgment and sen-
tence imposed by the Circuit Court he appeals.

REVERSED AND REMANDED WITH DIRECTIONS.

For appellant there was a brief and an oral argu-
ment by *Mr. Turner Oliver.*

For the state there was a brief over the names of
*Mr. Francis S. Ivanhoe,* District Attorney, and *Mr.
Andrew M. Crawford,* Attorney General, with an oral
argument by *Mr. Isaac H. Van Winkle,* Assistant At-
torney General.

Opinion PER CURIAM.

1. Defendant was charged with the crime of larceny
of sheep, pleaded not guilty, and upon the trial was
convicted.   The court gave judgment against him
thereon that he be confined in the penitentiary without
limitation, and that he pay a fine of $50.   He was
thereupon paroled by the court from the effects of the
sentence to the penitentiary, conditioned upon payment
of the fine, which he immediately  paid.   Defendant
appeals.

The cause was presented by defendant, by his brief
as well as argument, upon many alleged errors oc-

curring at the trial; but, as there is no bill of exceptions contained in the record, we cannot review such alleged errors.

2–4. The state moved to dismiss the appeal for the reason that the judgment appealed from has been satisfied. Although defendant does not assign it as error, in his brief he complains that the judgment is void for the reason that Section 1950, L. O. L., under which defendant was indicted and sentenced, provides for an alternative judgment of imprisonment in the penitentiary, of imprisonment in the county jail, or by a fine, and that the judgment rendered is for an imprisonment in the penitentiary and a fine. By Section 1371, L. O. L., it is provided: "A felony is a crime which is punishable with death, or by imprisonment in the penitentiary of this state. When a crime punishable by imprisonment in the penitentiary is also punishable by a fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the penitentiary." Thus, although he has been released upon payment of the fine, the conviction and judgment against him remains a felony, and the parole may be revoked by the court under certain conditions.

The payment of the fine was payment under duress equivalent to a payment under protest. It was made to avoid being sent to the penitentiary, and was a satisfaction of the judgment only *pro tanto,* which still stands against him as to the imprisonment; and he has a right to question the legality of the judgment, which was beyond the jurisdiction of the court to render: 12 Cyc. 958, and cases cited; *State* v. *Walters,* 97 N. C. 489 (2 S. E. 539, 2 Am. St. Rep. 310). And the objection going to the jurisdiction of the court to render the judgment may be first interposed in this court.

The judgment is reversed and the cause remanded, with direction to the court to render judgment in accordance with the statute.

REVERSED AND REMANDED.