Argued and submitted January 19, dismissed April 1, 1971

## STATE OF OREGON, *Respondent, v.*
## ROBERT L. LINCOLN, *Appellant.*

483 P2d 92

*Jerold L. Billings*, Portland, argued the cause and filed the brief for appellant.

*Jim G. Russell*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

This appeal is from a sentence to two years' imprisonment for burglary. ORS 164.240.

In May 1967, defendant was convicted and sentenced to be imprisoned in the Oregon State Penitentiary for one year. He appealed and the conviction was affirmed. *State v. Lincoln,* 250 Or 426, 443 P2d 178 (1968). He was free on bail pending decision on appeal. The mandate from the Oregon Supreme Court to the trial court was entered "as a judgment" on July 23, 1968, and affirmed the original judgment "in all things." It commanded the trial court to proceed to final determination and execution of the original judgment. Before he was taken into custody for transportation to the penitentiary, defendant moved for reconsideration of the sentence, saying he was now rehabilitated. In August 1968, after hearing the motion, the trial court vacated the previous sentence and placed defendant on five years' probation, suspending imposition of sentence.

Defendant and his attorney agreed in court, when the original sentence was vacated, that the court had authority for such action and if he violated probation the court would have authority to sentence him to a longer term.

In December 1969, the court revoked probation

for repeated violations of its conditions and sentenced defendant to two years' imprisonment. In this appeal defendant contends that the representations he made to the trial court were in error; that the court had no authority to vacate the original sentence; and that the one-year sentence is the maximum that could be imposed.

■ It is Hornbook law that the parties to litigation cannot stipulate jurisdiction upon a court to do that over which it has no jurisdiction. However, the Attorney General has argued that pertinent provisions of ORS chapters 137 and 138, particularly 137.510(2), impliedly give the trial court jurisdiction to do what it did.

The question thus raised need not be determined in this litigation. Since argument the Attorney General has filed a motion, with affidavit and supporting certificate of the Corrections Division attached thereto, for dismissal of the appeal on the ground that the sentence has been fully served and the defendant discharged from custody. Consequently, he asserts the question is moot.

In spite of this development, if this appeal was from the original judgment perhaps we should entertain the appeal to give the defendant the opportunity on appeal to seek to clear himself from the stigma of a conviction for a felony. On this point there appears to be a split of authority. See Annotations, 18 ALR 867, 872-73 (1922), 74 ALR 638, 641 (1931); *State v. Swikert*, 65 Or 286, 132 P 709 (1913); *Washington v. Cleland*, 49 Or 12, 88 P 305, 124 Am St R 1013 (1907); *State v. Snyder*, 88 Idaho 479, 483, 401 P2d 548 (1965) (dissenting opinion). In *E. J. v. State*, 471 P2d 367 (Alaska 1970), it was held that although

the sentence had been served, if there are potential collateral legal disabilities, an appeal will be allowed.

■ Such circumstances do not exist in the case at bar. The defendant's conviction was affirmed by the Oregon Supreme Court and appears to be beyond further contest. The original sentence was for one year's imprisonment in the Oregon State Penitentiary. Thus, the conviction affirmed was of a felony. The second sentence changed this in no respect; hence, potential collateral legal disabilities were in no way created by the second sentence. The only question that can be determined upon this appeal is the legality of the sentence and it has been completely served.

The question is moot.

Appeal dismissed.