Argued March 17, reversed April 19, 1976

STATE OF OREGON, *Respondent,*
*v.*
WILLIAM GIBBENS, *Appellant.*
(No. C-75-10-3171, CA 5454)

548 P2d 523

*Douglas S. Green,* Portland, argued the cause and filed the brief for appellant.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

**FOLEY, J.**

Defendant pleaded not guilty in district court to the crime of interfering with peace officers and requested trial to the court. He was found guilty and sentenced to 60 days in jail and fined $100. The district court judge suspended the jail sentence and $50 of the fine and placed defendant on one year's probation, conditioned on payment of the fine. Defendant filed timely notice of appeal to the circuit court on August 27, 1975.[1] Because he wanted to join the National Guard, defendant requested and was granted termination of his probation on September 18, 1975. On the same date he paid the $50 fine. On October 29, 1975, defendant's appeal came on for trial in the circuit court. The state moved to dismiss the appeal as moot since there was no part of the judgment remaining to be executed. The circuit court dismissed the appeal and defendant appeals to this court.

Defendant contends that the collateral consequences of his conviction should preclude a finding of mootness in this case. The principal collateral consequences which he points to are: (1) his future testimony in Oregon courts is subject to impeachment; (2) he may be disqualified from serving as a juror; (3) he may have difficulty in entering certain professions; and (4) his employability is lessened.

In *Washington v. Cleland,* 49 Or 12, 88 P 305, 124 Am St R 1013 (1907), our Supreme Court held that the voluntary payment of a fine pending an appeal from the circuit court to the Supreme Court operated as a satisfaction of the judgment and thereby rendered an appeal moot. The question of collateral consequences was not considered in that case.

In *State v. Lincoln,* 5 Or App 138, 140, 483 P2d 92 (1971), this court, in dismissing an appeal as moot

---

[1]The appeal from district court to circuit court contemplates a trial de novo as distinguished from an appeal on the record, as from circuit court to the Supreme Court.

because there were no "collateral legal disabilities," said:

> "* * * [P]erhaps we should entertain the appeal to give the defendant the opportunity on appeal to seek to clear himself from the stigma of a conviction for a felony. On this point there appears to be a split of authority. See Annotations, 18 ALR 867, 872-73 (1922), 74 ALR 638, 641 (1931); *State v. Swikert,* 65 Or 286, 132 P 709 (1913); *Washington v. Cleland,* 49 Or 12, 88 P 305, 124 Am St R 1013 (1907); *State v. Snyder,* 88 Idaho 479, 483, 401 P2d 548 (1965) (dissenting opinion). In *E.J. v. State,* 471 P2d 367 (Alaska 1970), it was held that although the sentence had been served, if there are potential collateral legal disabilities, an appeal will be allowed."

Since the issue of collateral disabilities was not before the court in *Washington v. Cleland, supra,* we do not think it precludes the entertainment of defendant's appeal in this case. We conclude that the defendant's interest in clearing his name should permit review of his conviction even after the sentence has been satisfied. *See* Annotation, 9 ALR3d 462, 467 (1966).

Reversed and remanded.

**SCHWAB, C. J.,** specially concurring.

I agree with the majority's disposition, but cannot join the majority in suggesting that the holding in *Washington v. Cleland,* 49 Or 12, 88 P 305, 124 Am St R 1013 (1907), is no longer binding on us. Were the facts the same, except that defendant attempted to appeal a circuit court judgment to this court, *Washington* tells me the appeal would have to be dismissed. And I think this is the rule we are bound by regardless of whether "the collateral consequences question" was or was not considered in *Washington* in 1907.

However, I conclude *Washington* is not here applicable because of the significant difference between a literal appeal to an appellate court and the "appeal" for a trial de novo that defendant sought in this case.

Under the trial de novo statutes, once the defendant "appealed" to the circuit court, his case should have been processed as if "originally commenced in such court." ORS 53.090. Under this statutory scheme, I cannot conceive of how anything that has happened regarding the district court judgment, including its complete execution, can moot the case in circuit court.