*[777]
 
 TANZER, J.
 

 Defendant appeals from one contempt order for, non-payment of fines and another for refusal to answer questions from the court and the district attorney. In April 1976, defendant was found guilty in circuit court of two parking violations and he was fined $200. On January 31, 1977, the court ordered defendant to show cause why he should not be held in contempt for failure to pay the fine. After defendant failed to appear at the scheduled hearing in February, a bench warrant was issued and served on defendant.
 

 At the conclusion of the show cause hearing on April 12, 1977, the trial court found defendant in contempt for failure to pay $170 outstanding on the two fines and sentenced him to six days in jail. Immediately following imposition of that sentence, the court found him in direct contempt and sentenced him to ten additional days in jail for refusal to answer certain questions about his residential and financial situation.
 
 [1]
 

 The issues on appeal concern the denial of defendant’s motion for the judge to disqualify himself for prejudice, the sufficiency of the evidence to support both contempt findings, and the constitutionality of the procedures leading to the second finding of contempt.
 

 Disqualification
 

 The procedures for disqualification of a judge for prejudice are set out in ORS 14.250 to 14.270. These sections provide that a judge shall disqualify himself upon timely motion accompanied by an affidavit alleging that the judge is prejudiced against the party or his attorney, that the party or attorney believes he
 
 *[778]
 
 cannot have a fair hearing before the judge, and that the motion is made in good faith and not for purposes of delay. ORS 14.260.
 

 Defendant moved orally at the beginning of the show cause hearing for the judge to disqualify himself because defendant had recently filed suit against the judge in federal court. No affidavit was filed.
 

 The motion to disqualify the trial judge was properly denied for several reasons, one of which is that the motion was not supported by affidavit as required by ORS 14.260. The affidavit requirement is a reasonable safeguard against abuse and, if a motion for disqualification need not be granted where the affidavit is insufficient,
 
 State ex rel Yraguen v. Dorroh,
 
 270 Or 834, 530 P2d 29 (1974), then surely it need not be granted where, as here, there is no affidavit at all.
 

 The disqualification issue also involves other considerations as it applies to the contempt proceeding for refusal to answer questions and that subject is discussed later.
 

 Contempt for Nonpayment
 

 The finding of contempt for nonpayment of the parking fines
 
 [2]
 
 is based on the court’s findings of fact that the failure to pay was attributable to an intentional refusal to obey the order of the court and that defendant made no good faith effort to pay the fines.
 
 *[779]
 
 Defendant contends that there is no evidence to support these findings and that he carried his burden of proof that the nonpayment was neither intentional nor in bad faith. He testified that he had been borrowing money from his parents to support himself and his child for the year between the parking citations and the show cause hearing and that he had not been employed for compensation during that period. On cross-examination, however, his answers to specific questions were evasive, and the record reveals that the court doubted defendant’s credibility. Defendant’s father testified that he had given his son financial help during the year in question, that he was retired and receiving social security, and that he had some additional income but he would not say how much.
 

 Defendant also testified that he had lost a check for approximately $150 which he had received from the county several years before as compensation for jury service, and that he believed the county still owed him that sum. He also believed he was entitled to a $100 refund from an appeal bond. He testified that he should have some sort of setoff, but he made no effort to collect either sum and apply it to his fine.
 

 The court could reasonably conclude from the passage of time that defendant either had income during the nine-month interim which he could have applied to the payment of his fine, or that he could have sought employment to produce such income. This suffices to support the trial court’s finding that he did not make a good faith effort to pay the fine, and it therefore sustains the first finding of contempt. ORS 161.685(2).
 

 Contempt for Refusal to Answer
 

 Defendant’s contention that the trial court erred in finding him in direct contempt for his refusal to answer questions is based on three grounds: lack of specificity in the findings of fact, insufficient evidence to support the findings, and denial of due process by
 
 *[780]
 
 the summary conviction and punishment. In light of our disposition of the third issue, we do not reach the first two grounds.
 

 After imposing sentence for the contempt for nonpayment of fines, the trial court proceeded immediately to impose an additional sentence of ten days for direct contempt pursuant to ORS 33.030.
 
 [3]
 
 When defense counsel asked to be heard, the judge responded, "Well, the Court’s already imposed the sentence, so I don’t know what else needs to be said.”
 

 Where punishment for contempt is postponed until after trial or, as here, after hearing, and there is no need to impose immediate sanctions to maintain order, due process requires that defendant have an opportunity to be heard.
 
 Taylor v. Hayes,
 
 418 US 488, 94 S Ct 2697, 41 L Ed 2d 897 (1974). A full-scale trial is not required, but defendant must have notice of the charges against him, an opportunity to present defenses, and a right of allocution, however summary or informal the procedure,
 
 Taylor v. Hayes,
 
 418 US at 498-99. Here, the court made its contempt finding for refusal to answer questions without affording defendant any opportunity to be heard. The procedure denied due process, and the finding of direct contempt must be reversed and remanded. This disposition makes it unnecessary for us to consider defendant’s other contentions regarding this second finding of contempt; if the state proceeds anew on the direct contempt, defendant can then raise those issues.
 

 The disqualification motion in this second contempt situation cannot be disposed of by simple reference to
 
 *[781]
 
 ORS 14.260.
 
 Taylor v. Hayes, supra,
 
 requires as a matter of due process that a judge who is actually or apparently biased must disqualify himself from a post-trial contempt proceeding. Here there was no embroilment of the court in a running controversy with the contemnor and no display of personal disdain for him by the judge, as there was in
 
 Taylor v. Hayes.
 
 The contemnor points to his lawsuit in federal court against the judge as a conclusive basis of bias by the judge against him, but to accept such a contention would be to allow litigious persons to choose their judges by filing lawsuits against those, however impartial, who are not to their liking. It will be appropriate prior to proceedings on remand, if any, for the trial court to rule on the motion for disqualification in light of
 
 Taylor v. Hayes.
 

 Affirmed in part; reversed in part and remanded.
 

 [1]
 

 Defendant’s motion for a stay of execution of the sentences was denied and bail was set at $50,000. Although it appears from the record that defendant has served his jail sentences, the appeal is not moot, because the conviction has collateral consequences beyond the jail term.
 
 See, Sibron v. New York,
 
 392 US 40, 50-58, 88 S Ct 1889, 20 L Ed 2d 917 (1968);
 
 State v. Meyer,
 
 12 Or App 486, 492-93, 507 P2d 824 (1973).
 

 [2]
 

 ORS 161.685(1) and (2) provide:
 

 "(1) When a defendant sentenced to pay a fine defaults in the payment thereof or of any instalment, the court on motion of the district attorney or upon its own motion may require him to show cause why his default should not be treated as contempt of court, and may issue a show cause citation or a warrant of arrest for his appearance.
 

 "(2) Unless the defendant shows that his default was not attributable to an intentional refusal to obey the order of the court or to a failure on his part to make a good faith effort to make the payment, the court may find that his default constitutes contempt and may order him committed until the fine, or a specified part thereof, is paid.”
 

 Defendant has not challenged on appeal the imposition of a criminal contempt sanction rather than the civil sanction statutorily authorized in subsection (2), perhaps because the criminal sentence is less severe than the potential civil sanction.
 

 [3]
 

 ORS 33.030 provides:
 

 “When a contempt is committed in the immediate view and presence of the court or officer, it may be punished summarily, for which an order must be made reciting the facts as occurring in such immediate view and presence, determining that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed.
 

 The statute describes the inherent contempt power of the court.
 
 Taylor v. Gladden,
 
 232 Or 599, 603-4, 377 P2d 14 (1962).