Argued March 1, affirmed May 15, 1978

State ex rel JUVENILE DEPARTMENT,
*Respondent,*

*v.*

W., *Appellant.*

(No. 15,281, CA 9128)

578 P2d 824

 ─────────────────────────── .

J. P. Harris, II, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

A petition was filed in juvenile court alleging that appellant, a 13-year-old girl, had committed acts in the state of Washington which were violations of the laws of that state[1] and that she was therefore within the jurisdiction of the juvenile court under ORS 419.476(1)(a)[2]. The petition alleged two distinct offenses, criminal trespass in the first degree (RWC 9A.52.070) and obstructing a public servant (RWC 9A.76.020), committed on the same occasion. An adjudicative hearing was held and the court issued an "Order Finding Jurisdiction," which included a determination that appellant was within the jurisdiction of the court on the basis of the criminal trespass allegation. Decision on the other allegation of misconduct was reserved. Appellant was continued in the custody of her mother under supervision of the county juvenile department, and the matter was continued for six months.

This appeal presents two issues. The one raised by appellant is whether ORS 419.476(1)(a), insofar as it provides for juvenile court jurisdiction on the basis of an offense committed in another state, contravenes Article I, section 20, of the Oregon Constitution,[3] or the Equal Protection Clause of the Fourteenth Amendment.

■ As a threshold question, however, we are compelled to determine whether the order of the juvenile court is

---

[1]Under Washington law appellant could have been tried either as a juvenile or as an adult. RWCA 13.04.120.

[2]ORS 419.476(1)(a) provides:

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city * * *."

[3]Article I, section 20, of the Oregon Constitution, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

[ 439 ]

appealable. A similar order was appealed in *State v. Zorner,* 4 Or App 84, 475 P2d 990, *rev den* (1970), *cert den* 403 US 936 (1971). We noted there a lurking issue of appealability, but the state did not raise the issue and we did not consider it. The issue must be considered in this case, even though not raised by the parties. *See City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977).

ORS 419.561(1) provides:

"Any person whose right or duties are adversely affected by *a final order* of the juvenile court may appeal therefrom. * * *" (Emphasis supplied.)

The order does adversely affect the rights of appellant. The finding of jurisdiction was a determination beyond a reasonable doubt that appellant committed an act which was in violation of the criminal law of Washington. Although that finding is not a criminal conviction (ORS 419.543), a juvenile who has been adjudged within the jurisdiction of the court on that basis nonetheless has an interest in clearing her name. *See In re Gault,* 387 US 1, 87 S Ct 1428, 18 L Ed 2d 527 (1967); *cf. State v. Gibbens,* 25 Or App 185, 548 P2d 523 (1976). Moreover, appellant also has an interest in relieving herself of being subject to the continuing jurisdiction of the juvenile court. Though characteristically informal and relatively unobtrusive, the order nevertheless has a long term impact on appellant's rights, because she is subject to various future dispositions, including commitment to a secure facility, when such disposition appears to be in her "* * * best interest and welfare." ORS 419.507, 419.509, 419.529. The order is appealable, therefore, if it was "final."

In one sense the order was not final: It did not necessarily end the juvenile court's involvement with appellant on the basis of the trespass allegation. It did, however, complete the action that the court chose

[ 440 ]

presently to take in regard to that offense.[4] The disposition—continuation in the custody of appellant's mother under the supervision of the juvenile court—is one contemplated by statute. ORS 419.507; *see also* ORS 419.474(2). Although the court could later modify the dispostion, that possiblity ought not to deprive the juvenile of a timely appeal from the original disposition, even though the modification may result in a second appeal. The order was final and, therefore, appealable. *Cf. State ex rel Juv Dept v. Brown,* 33 Or App 423, 576 P2d 830 (1978).

Appellant challenges the constitutionality of ORS 419.476(1)(a) *solely* on the grounds that it violates Article I, section 20, of the Oregon Constitution, and the Equal Protection Clause of the Fourteenth Amendment. Issues of Equal Protection that might have been presented by a different disposition of the juvenile (*e.g.,* incarceration) are not before us now. Her argument is simply that the legislature has adopted an impermissible classification as a basis for the exercise of jurisdiction. The legislature has not made it punishable for an Oregon adult to violate the criminal law of another state. Appellant argues that, in effect, the legislature has done so with regard to juveniles in ORS 419.476(1)(a). This distinction between adults and juveniles is asserted to be without a rational basis.

We recognize that the great dream of the juvenile justice reforms of the early Twentieth Century in many respects has proved an illusion. The ideal of informality has fallen as a consequence of the adoption of many procedural safeguards from the criminal justice system. In adjudications under provisions such as ORS 419.476(1)(a) juveniles are now accorded

---

[4]The reasons for the reservation of a finding on the second allegation of misconduct are not clear. It does not appear that the court was withholding decision for a short time while applicable law was researched. Apparently the reservation was to last at least six months and may have related to the court's perception of the child's best interests. Such a reservation should not bar appeal from the remainder of the order. However, we do not approve the practice followed in this case. The juvenile was entitled to a disposition of every allegation.

rights to adequate written notice, advice of counsel, confrontation and cross-examination, proof beyond a reasonable doubt and the privilege against self-incrimination. *In re Gault, supra; In re Winship,* 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 (1970); *but see McKeiver v. Pennsylvania,* 403 US 528, 91 S Ct 1976, 29 L Ed 2d 647 (1971) (holding that due process does not require a jury trial in such proceedings.) Appellant, however, is not asserting that fundamental procedural fairness prohibits jurisdiction based upon acts committed in another state. Rather she asks us to rule that there is no rational basis for the legislative decision to give the juvenile courts, but not criminal courts, such jurisdiction.[5]

■■ While adjudications under ORS 419.476(1)(a) are quasi-criminal in many respects and disposition may include commitment to a secure facility, the provisions of chapter 419 reflect an emphasis upon the welfare of the child and upon the need for care, guidance and control. *See,* for example, ORS 419.474 and 419.507. The legislature may, therefore, view the unlawful behavior of a juvenile wherever it occurs as symptomatic of a need for care and guidance. *See State ex rel Juv Dept v. Casteel,* 18 Or App 70, 523 P2d 1039, *rev den* (1974). We do not accept appellant's contention that juvenile adjudications under ORS 419.476(1)(a) are inevitably indistinguishable from criminal prosecutions. Although the validity of the treatment

---

[5] It has often been stated as axiomatic that the criminal laws of a state do not extend beyond its own boundaries. The nearly universal rule has been that some act, result or intended result within the state is required to establish "legislative jurisdiction." *See* Leflar, Conflicts of Laws 191-94, §§ 101, 102 (1959 ed); *accord Skiriotes v. Florida,* 313 US 69, 61 S Ct 924, 85 L Ed 1193 (1941). To what extent, if any, such a territorial limitation is inherent in the concept of "due process" is unsettled. *See generally* George, *Extraterritorial Application of Penal Legislation,* 64 Mich L Rev 609 (1966); Rotenburg, *Extraterritorial Legislative Jurisdiction and the State Criminal Law,* 38 Tex L Rev 763 (1960); Leflar, *Extrastate Enforcement of Penal and Governmental Claims,* 46 Harv L Rev 193 (1932). Even if the application of criminal law to an adult under the circumstances in this case would offend the Due Process Clause, it is not clear that the consideration of extrastate violations in establishing juvenile court jurisdiction would also be impermissible. The issue is not now before us.

paradigm may be and is subject to doubt, we will not rule that it is so untenable a goal that the legislature may not continue to pursue it. The point was aptly expressed by Mr. Justice Blackmun in *McKeiver:*

> "The juvenile concept held high promise. We are reluctant to say that, despite disappointments of grave dimensions, it still does not hold promise, and we are particularly reluctant to say * * * that the system cannot accomplish its rehabilitative goals. So much depends on the availability of resources, on the interest and commitment of the public, on the willingness to learn, and on understanding as to cause and effect and cure. In this field, as in so many others, one perhaps learns best by doing. * * *" 403 US at 547.

> "If the formalities of the criminal adjudicative process are to be superimposed upon the juvenile court system, there is little need for its separate existence. Perhaps that ultimate disillusionment will come one day, but for the moment we are disinclined to give impetus to it." 403 US at 551.

There is no basis for denying the legislature the power to make the challenged distinction between juveniles and adults.

Affirmed.