Submitted on respondent's motion to dismiss filed October 28, 1991, motion to dismiss denied May 27, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# SHARON FREEMAN,
*Appellant.*

## (90CR0693; CA A66277)

831 P2d 84

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Mary H. Williams, Assistant Attorney General, Salem, for the motion.

Sally L. Avera, Public Defender, and Ingrid A. Mac-Farlane, Deputy Public Defender, Salem, *contra.*

Before Rossman, Presiding Judge, and Riggs and De Muniz, Judges.

ROSSMAN, P. J.

### ROSSMAN, P. J.

After defendant's conviction for criminal mischief, the trial court suspended the sentence and ordered a five-year period of probation. Defendant seeks modification of a condition of probation ordering her to pay $11,198 in restitution, attorney fees and the crime victims' assessment from the proceeds of the sale of her home.

Defendant owned the home in which she and her husband lived during their marriage. In 1989, the parties separated and defendant obtained a restraining order that barred her husband from entering her home for any purpose, including retrieving his personal property. While dissolution proceedings were pending, defendant destroyed certain items of her husband's personal property. Also during that time, she sold the home in a transaction unrelated to the dissolution proceeding.

The state has moved to dismiss the appeal as moot, because the restitution has been paid, as ordered, out of the proceeds of defendant's sale of her house. We deny the motion.

The general rule is that voluntary satisfaction of a judgment — in civil *and* criminal cases — forecloses an appeal from that judgment. *Washington v. Cleland*, 49 Or 12, 14, 88 P 305 (1907). However, the record does not show that defendant voluntarily paid the restitution. Because conditions of probation cannot be stayed pending appeal, *State ex rel Dillavou v. Foster*, 273 Or 319, 541 P2d 811 (1975), she had no choice but to pay the restitution as ordered. Under those circumstances, we cannot say that satisfaction of the restitution order was voluntary. Without there having been shown that there was a voluntary satisfaction, there is no ground for dismissal.

Motion to dismiss denied.