Submitted June 30, appeal dismissed August 19, 2009

STATE ex rel STATE OF OREGON,
*Petitioner-Respondent,*

*v.*

Atif HAWASH,
*Respondent below,*
*and*

Rachel Moonflower HAWASH,
aka Rachel Vanduch,
aka Moonflower Vanduch,
*Respondent-Appellant.*

Washington County Circuit Court
C032698DR; A133336

215 P3d 124

Susan D. Isaacs argued the cause and filed the brief for appellant.

Laura S. Anderson, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

PER CURIAM

## PER CURIAM

A dissolution judgment ordered appellant to pay child support for her three children. When she did not pay as ordered, the Washington County District Attorney's Office initiated contempt proceedings. In response, appellant claimed inability to pay support. The trial court found appellant in contempt of court for her failure to pay support and imposed as a sanction two years of bench probation. Appellant then appealed the judgment of contempt, arguing that the court erred in rejecting her defense of inability to pay. In the meantime, more than two years have passed since the entry of judgment. The state now contends that the appeal should be dismissed as moot, given the expiration of the two-year period of bench probation and the absence of any collateral consequences to the judgment of contempt.

We agree that the appeal is moot. The two-year period of bench probation has expired. Appellant has not identified any collateral consequences that flow from the judgment of contempt, and we are aware of none. We therefore dismiss the appeal. *See Blechschmidt v. Shatzer*, 197 Or App 536, 544, 106 P3d 682 (2005) (concluding that the trial court erred in considering the merits of a drug-free zone exclusion after the period of exclusion expired because the case was moot).

Appeal dismissed.