Argued and submitted September 8, petition for judicial review dismissed
November 9, 2016

Jaime CARLETON,
*Petitioner,*

*v.*

OREGON HEALTH AUTHORITY,
*Respondent.*

Oregon Health Authority
CH5279; A157660

385 P3d 1242

Michael A. Keeney argued the cause for petitioner. With him on the briefs was Legal Aid Services of Oregon.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. With him on the answering brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General. With him on the supplemental brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

**TOOKEY, J.**

Petitioner challenges an order of the Oregon Health Authority (OHA) that placed her in its Pharmacy Management Program on the grounds that *former* OAR 410-121-0135 (Dec 15, 2009), which serves as the basis for the order, is invalid under federal and state law. After petitioner filed her briefs, but before oral argument, the legislature amended the applicable state statutes and OHA revised OAR 410-121-0135. Based on those changes, petitioner filed a supplemental brief dropping her state law challenge, but renewing her challenge to the revised rule under federal law. As we explain below, the order under review has expired and petitioner has identified no grounds that would prevent her as-applied challenge to the order from becoming moot. Additionally, petitioner has provided no basis in her supplemental brief on which we could address her facial challenge to the validity of the revised version of OAR 410-121-0135. Accordingly, we dismiss the petition as moot.

In her reply brief, petitioner acknowledged that the order subjecting her to the Pharmacy Management Program had expired. *See Eastern Oregon Mining Association v. DEQ*, 360 Or 10, 15-16, 376 P3d 288 (2016) (once the permit had expired, the appeal had become moot because a judicial declaration as to the validity of the permit would have "no possible practical effect on the rights of the parties"). She has also failed to show that she will suffer adverse collateral consequences from OHA's expired order. *See State v. Hauskins*, 251 Or App 34, 36, 281 P3d 669 (2012) ("[T]he record must show more than a 'mere possibility' that collateral consequences will occur; a speculative consequence does not prevent a case from becoming moot." (Quoting *Brumnett v. PSRB*, 315 Or 402, 407, 848 P2d 1194 (1993).)). However, petitioner asserts that, because "this matter is capable of repetition[,] the [OHA] Pharmacy Management Program rule continues in effect[,] and this challenged policy is likely to evade judicial review in the future," petitioner is entitled to proceed pursuant to ORS 14.175.[1] *See Eastern*

---

[1] ORS 14.175 provides:

"In any action in which a party alleges that an act, policy or practice of a public body, as defined in ORS 174.109, or of any officer, employee or agent of

*Oregon Mining Association*, 360 Or at 16-19 (after permit had expired and the appeal had become moot, the court determined whether the action was nevertheless justiciable under ORS 14.175).

Oregon courts retain the authority to dismiss moot cases. *Couey v. Atkins*, 357 Or 460, 520, 355 P3d 866 (2015). We are not convinced that "the act challenged by the party is capable of repetition, or the policy or practice challenged by the party continues in effect." ORS 14.175(2). Because of the amendments to Oregon's statutes related to the Pharmacy Management Program and the revisions to OAR 410-121-0135, the procedure used to place petitioner in the Pharmacy Management Program is no longer in use and, thus, not "capable of repetition." Petitioner did not present any viable argument that the policy or practice continues in effect. Thus, ORS 14.175 does not apply.

Petitioner also filed a supplemental brief to challenge the facial validity of the revised version of OAR 410-121-0135 under federal law. However, petitioner has not adequately developed for review why we could reach a challenge to the revised rule in a petition for judicial review from a final order issued under the former rule. Nor did petitioner develop any argument as to how the revised version of the rule fails to comply with federal law, even if we were able to reach that challenge. Petitioner's conclusory assertion in her supplemental brief that "Oregon's pharmacy lock-in rule is 'plainly erroneous and inconsistent' with the applicable unambiguous federal regulation, 42 CFR § 431.54(e), and is invalid," is an insufficient basis for us to consider her rule challenge. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to on*

---

a public body, as defined in ORS 174.109, is unconstitutional or is otherwise contrary to law, the party may continue to prosecute the action and the court may issue a judgment on the validity of the challenged act, policy or practice even though the specific act, policy or practice giving rise to the action no longer has a practical effect on the party if the court determines that:

"(1) The party had standing to commence the action;

"(2) The act challenged by the party is capable of repetition, or the policy or practice challenged by the party continues in effect; and

"(3) The challenged policy or practice, or similar acts, are likely to evade judicial review in the future."

*recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself.").

Petition for judicial review dismissed.