Submitted October 4; in Case No. CR150957, affirmed; in Case Nos. 17CR29851 and 17CR55203, remanded for resentencing; otherwise affirmed December 18, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE LUIS AREVALO,
aka Luis Arevalo,
*Defendant-Appellant.*

Umatilla County Circuit Court
CR150957, 17CR29851, 17CR55203;
A166963 (Control), A166964, A166965

456 P3d 671

In each of three cases consolidated for appeal, defendant was convicted of driving while suspended and sentenced to 90 days in jail. He appeals, arguing that the trial court erred by ruling that it could not consider information about the immigration consequences of the number of days of confinement imposed as part of his sentence. *Held*: The trial court erred by concluding that it could not consider the immigration consequences as part of its discretionary sentencing decision.

In Case No. CR150957, affirmed. In Case Nos. 17CR29851 and 17CR55203, remanded for resentencing; otherwise affirmed.

Eva J. Temple, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

In Case No. CR150957, affirmed. In Case Nos. 17CR29851 and 17CR55203, remanded for resentencing; otherwise affirmed.

**ARMSTRONG, P. J.**

In these cases, consolidated for appeal, defendant challenges the sentences imposed in three judgments, all relating to separate convictions for criminal driving while suspended. ORS 811.182. Defendant contends that in all three cases the trial court erred by concluding that it could not consider certain immigration consequences as a mitigating factor when it imposed defendant's sentences. In Case No. CR150957, we affirm, and in Case Nos. 17CR29851 and 17CR55203, we remand for resentencing.

In Case No. CR150957, defendant had previously been convicted for driving while suspended. The court had previously imposed a sentence of 180 days' jail, the execution of which was suspended, and defendant was placed on probation. While he was on probation, he was charged with two new counts of criminal driving while suspended, in Case Nos. 17CR29851 and 17CR55203. Defendant pleaded guilty to the new charges, and, in Case No. CR150957, his probation was revoked.

At a sentencing hearing for all three cases, defendant argued that, in considering the imposition of jail time as part of defendant's sentences, the court should take into account the immigration consequences to defendant. Defendant had legal status as a permanent resident alien—commonly referred to as having a "green card." Defendant explained that, due to his "numerous prior convictions," he was "dangerously close" to having been sentenced to a total of five years' jail time. Defendant reported that, if he reached a total of five years' jail time, he would be "rendered inadmissible," meaning that he might not be readmitted to the United States if he were to travel abroad. *See* 8 USC § 1182(a)(2)(B) (providing in part that "[a]ny alien convicted of 2 or more offenses *** for which the aggregate sentences to confinement were 5 years or more is inadmissible"). Defense counsel had calculated that defendant appeared to have 1,750 days' jail time imposed, and because five years' jail time amounts to 1,825 days, defendant was left with "about 75 days" before he would be rendered inadmissible. Defendant asked, with respect to the jail terms of his sentences, that the court impose no jail in the probation

revocation case, and that it impose suspended jail terms of 24 days each in Case Nos. 17CR29851 and 17CR55203, in light of the immigration consequences.

The state objected to the court considering the immigration information, and the court concluded that it was not allowed to consider it. In Case No. CR150957, the court revoked and terminated defendant's probation as unsuccessful, and sentenced him to 90 days' jail based on the previously suspended 180-day sentence.[1] In Case No. 17CR29851, defendant was sentenced to 180 days' jail time, with 90 days of that suspended. He received an identical jail sentence in Case No. 17CR55203. The jail sentences were all to run concurrently.

Defendant assigns error to the trial court's ruling that it could not consider the information defendant presented regarding immigration consequences. Defendant also argues in his opening brief that, in this challenge relating to the length of his sentences, his appeal did not become moot after he had served the 90-day sentences, because his appeal concerns a collateral consequence that was triggered by the length of the sentences imposed, and which is not abated by his having fully served the sentences. The state concedes that the court erred in concluding that it could not consider the immigration consequences as part of its discretionary sentencing decision, and it agrees that defendant's completion of the 90-day sentences did not render his appeal moot. We agree on both points, and accept the state's concession. *See State v. Rice*, 114 Or App 101, 105, 836 P2d 731,

---

[1] Defendant had already included the 180-day suspended sentence in Case No. CR150957 in his total number of days' confinement calculation, because 8 USC section 1101(a)(48)(B) provides that, "[a]ny reference to a *** sentence *** is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension *** of that imprisonment or sentence in whole or in part."

Although defendant asked the trial court not to send him to jail after revoking his probation, he had already made clear that the immigration consequences of the length of the jail sentence in that case occurred when the court previously imposed the 180-day suspended sentence. Defendant now appeals the 90-day jail sentence in that case, but he did not argue below, nor does he explain on appeal, how the court's decision to require him to serve 90 days of the suspended sentence that was already a part of his 1,750-day total had any immigration consequences for the court to consider. Accordingly, we affirm the sentence in Case No. CR150957.

*rev den*, 314 Or 574 (1992) ("For most misdemeanors, the sentence is entirely a matter of trial court discretion."); ORS 137.010; *State v. Hauskins*, 251 Or App 34, 36, 281 P3d 669 (2012) (explaining that, even when the primary matter at issue has been resolved, in some circumstances collateral consequences may prevent mootness). We therefore remand for resentencing in Case Nos. 17CR29851 and 17CR55203.

In Case No. CR150957, affirmed. In Case Nos. 17CR29851 and 17CR55203, remanded for resentencing; otherwise affirmed.