Argued and submitted February 13, reversed and
remanded for new trial March 24, 1980

STATE OF OREGON,
*Respondent,*

*v.*

GILBERT LEE MEYER, JR.,
*Appellant.*

(No. DA 143938, CA 15453)

608 P2d 582

Jenny Marlin Cooke, Portland, argued the cause
and filed the brief for appellant.

Robert C. Cannon, Assistant Attorney General,
Salem, argued the cause for respondent. With him on
the brief were James A. Redden, Attorney General,
and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson and
Gillette,* Judges.

[375]

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals his conviction of assault in the fourth degree, and assigns as error the trial judge's failure to disqualify himself on motion.

On April 4, 1979, defendant appeared before Judge Thomas L. Moultrie for hearing on his motion to suppress evidence. After Judge Moultrie had denied the motion, defendant's counsel informed the court that defendant had just called counsel's attention to two pending civil actions between defendant and the judge and orally moved the judge to disqualify himself on the grounds of bias and prejudice.[1] Defense counsel presented the court with copies of the complaints. One of the cases had been brought by defendant and others against Judge Moultrie. The other had been brought by Judge Moultrie and others against defendant.

Pendency of an action brought by a litigant against the judge hearing his case does not necessarily constitute bias requiring disqualification of the judge. Otherwise litigants could choose their judge by filing a law suit against all judges not to their liking. *State v. Meyer*, 31 Or App 775, 781, 571 P2d 550 (1977).

Here, however not only had defendant sued the judge, but the judge had leveled a serious charge against defendant which was pending. Canon 3(C) of the Oregon Code of Judicial Conduct, adopted by the Supreme Court March 11, 1975, provides:

"A Judge should perform the duties of his office impartially and diligently.

" * * * * *

"C. Disqualification

"(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned * * *."

---

[1] Defendant had not timely filed, in writing, a motion and affidavit which would have automatically disqualified Judge Moultrie under ORS 14.260.

The pendency of litigation initiated by a judge against one who presently stands before him raises such a question.

Reversed and remanded for new trial.