Argued and submitted September 15, 1981, reversed and
remanded for a new trial March 8, 1982

# STATE OF OREGON,
*Respondent,*
*v.*
# GILBERT LEE MEYER, JR.,
*Appellant.*

(No. DA 143938-7801, CA A20301)

641 P2d 594

Rita Radich, Portland, argued the cause and filed the
brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief
were Dave Frohnmayer, Attorney General, and William F.
Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, Thornton* and Van
Hoomissen, Judges.

RICHARDSON, P. J.

*Thornton, J., *vice* Joseph, C.J.

## RICHARDSON, P. J.

Defendant appeals his conviction for assault in the fourth degree. ORS 163.160. He raises several claims of error. We conclude that defendant's first claim is well taken and reverse and remand for a new trial. It is unnecessary to review the other assignments.

The victim of the alleged assault was a police officer, and the assault occurred while he was making an arrest. This was defendant's second trial on this charge. Defendant's first conviction was reversed and remanded for a new trial. *State v. Meyer,* 45 Or App 375, 608 P2d 582 (1980). Defendant represented himself at the second trial.[1] During his summation to the jury, defendant made several statements to the effect that he had had no discovery of the state's evidence and that he had not previously seen any of the photographs received in evidence or the police reports of the incidents. The state objected to the statements and moved to reopen the case to establish that the matter had been previously tried. The court allowed the prosecutor to reopen the case, but when he was unable to produce a certified copy of the first judgment, the trial court instructed the jury:

> "* * * Ladies and gentlemen, I inform you that based on the records I am taking judicial notice and instructing you of the following things:

> "The records of this court reveal that this is the second trial in this case. That the first trial was held on April 5, 1979, before a jury and a finding of guilty was returned by that jury, but for matters that need not concern you that was reversed by the Oregon Court of Appeals. I instruct you again that what I have informed you of in this particular matter does not go to whether or not the state has proved here that the defendant is or is not guilty. I have taken judicial notice of this fact because of certain statements made by the defendant, Mr. Meyer, in closing argument which I felt would leave a rather large question in your mind."

---

[1] One of defendant's assignments of error relates to the refusal of the court to appoint counsel to represent him. The refusal to appoint counsel was apparently based on the fact that the request was untimely.

We conclude, under the circumstances in this case, that the instruction to the effect that a prior jury had found defendant guilty of this particular charge was prejudicial and reverse and remand for a new trial.

Reversed and remanded for a new trial.