Argued and submitted August 15, appeal dismissed as moot December 18, 2013

In the Matter of T. E. J.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. W. J.,
*Appellant.*

Jackson County Circuit Court
120574J;
Petition Number 120574JA;
A153509

316 P3d 423

Shannon Storey, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Inge D. Wells, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

In this dependency case, the juvenile court denied father's motion to dismiss a petition alleging jurisdiction over the child on the ground that father did not have a custody order and, therefore, could not protect the child from the child's mother. The court assumed jurisdiction and father appealed, asserting that the lack of a custody order is not a basis for jurisdiction.

This court is advised that on October 8, 2013, the juvenile court entered a judgment terminating jurisdiction and the wardship. For that reason, we conclude that the appeal is moot.

We note that this case is different from *State v. S. T. S.*, 236 Or App 646, 238 P3d 53 (2010). In that case, the ground on which the juvenile court took jurisdiction was the father's domestic violence against the mother, which the court found created a current risk of harm to the child. *Id.* at 651. We held in *S. T. S.* that the juvenile court's dismissal of a jurisdictional petition on that ground did not render the appeal moot, because there were collateral consequences to the original judgment on the jurisdictional petition. *Id.* at 653-54.

In *S. T. S.*, we relied on an earlier case, *State ex rel Juv. Dept. v. L. B.*, 233 Or App 360, 226 P3d 66 (2010), in which we held that the dismissal of a jurisdictional petition based on abuse or neglect did not render the case moot because of (1) the adverse effect of the original judgment on the father's employment opportunities; (2) the negative effect of the original judgment on the father's record with the Department of Human Services (DHS) in the event that further abuse reports were received; and (3) the social stigma that results from a determination of jurisdiction based on abuse or neglect. *L. B.*, 233 Or App at 365. We noted in *L. B.* that, although the social stigma alone might not be enough, the stigma, together with the derogatory abuse history with DHS and the possibility that the original jurisdictional order could continue to affect father's employment, were sufficient collateral practical effects to give rise to a live controversy. *Id.*

In this case, in contrast to *S. T. S.* and *L. B.*, the basis for jurisdiction with respect to father under the original

jurisdictional judgment was not abuse or neglect, but the fact that father does not have a custody order. There is no contention by father that there is any collateral consequence from that determination, and none of the considerations present in *S. T. S.* or *L. B.* would seem to apply. We therefore conclude that the case is moot and we dismiss the appeal.

Appeal dismissed as moot.