Argued May 8, affirmed May 21, petition for rehearing denied
June 14, petition for review denied September 5, 1973

## MICHAEL CLAUDE BARTHOLOMEW, *Appellant,* *v.* CUPP (No. 76495), *Respondent.*

510 P2d 355

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Petitioner appeals from the dismissal of his petition for post-conviction relief. He alleges that his plea of guilty to a charge of illegal sale of narcotics was not voluntarily entered and therefore invalid. Petitioner alleges that he pleaded guilty because the trial court told him that if he did not do so he would be proceeded against as an habitual criminal.

The evidence presented to the post-conviction court consisted of the testimony of petitioner, a transcript of court appearances in the case below, a letter from the attorney who represented petitioner at the time he pleaded guilty and a stipulation that if the judge were called as a witness he would testify to certain stated facts. Petitioner had originally been arraigned on the narcotics charge on December 7, 1971. At that time he was on probation for a previous conviction on a charge of writing $1,200 in bad checks. At the arraignment he entered a plea of not guilty. On December 21, 1971 at the regularly scheduled pretrial hearing petitioner changed his plea to guilty. On December 30 his probation was revoked and he received a 10-year sentence on the narcotics charge and a five-year sentence on the bad check charge (imposition of sentence had been suspended at the time he was placed on probation).

Petitioner testified that the second time he went to court the trial court had informed him that if he did not enter a plea of guilty the trial court would entertain a motion to file habitual criminal charges

against him. He also testified the only time he talked to the judge was in open court.

The stipulation as to what his counsel would say included:

> "I have discussed these facts with Mr. Bartholomew and he admitted to me his involvement in the sales and based on this it was decided that we should consider the possibility of a negotiated plea. Also, at the time Judge Jones informed Mr. Bartholomew he was going to give him at least five years on the probation revocation and *that if he did not plead to these charges and was found guilty, that the Judge would recommend or entertain a motion to have Mr. Bartholomew committed under the habitual criminal act with three or four felonys [sic] behind him."* (Emphasis supplied.)

The stipulation as to the trial court's testimony was that the trial judge would definitely say he had not made the alleged statement threatening habitual criminal proceedings if petitioner did not plead guilty. He did state that at that time it was his practice to meet with defendant's attorney, the prosecutor and sometimes the defendant during plea negotiation and set forth possible consequences but that he never threatened what would happen if no guilty plea were given. He also stated that he did not recall exactly the plea bargaining in Mr. Bartholomew's case.

The transcript of proceedings held in the trial court shows that on December 21, 1971, the second time that defendant was in court, prior to releasing him until December 30, the trial court stated to defendant after the guilty plea was entered that:

> "Mr. Bartholomew, I want to caution you about a very natural urge when a man is facing time. The natural thing is to think about running.
>
> "I just want to tell you that if you did have any

such thoughts, that you would be subject to prosecution on this other case and revocation on your other case, and that I would guarantee you habitual criminal treatment if you ran. You would just end up getting about three times more time than you will get."

The above is all that the record shows the judge said about a possible habitual criminal charge. The post-conviction court found:

## "FINDINGS OF FACT

"* * * * *

"3. The trial judge did not tell petitioner he would be charged as an habitual criminal if he did not plead guilty.

"4. Petitioner was advised of the various possibilities in sentencing on this and other charges then pending.

## "CONCLUSIONS OF LAW

"* * * * *

"2. Petitioner was not coerced into pleading guilty.

"* * * * *."

■■ Where the findings of fact by the post-conviction court resolve a conflict in the evidence they are binding on this court. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968); *Patton v. Cupp*, 6 Or App 1, 485 P2d 644, Sup Ct *review denied* (1971); *Wheeler v. Cupp*, 3 Or App 1, 470 P2d 957, Sup Ct *review denied* (1970); *Endsley v. Cupp*, 1 Or App 169, 459 P2d 448 (1969), Sup Ct *review denied* (1970). Here the evidence amply supports the post-conviction court's findings.

Affirmed.