Argued and submitted February 26, affirmed December 22, 1993, reconsideration denied February 2, petition for review denied May 10, 1994 (319 Or 81)

STATE OF OREGON,
*Respondent,*

*v.*

ANTHONY LEE GARZA,
*Appellant.*

(91D-105854; CA A73958)

865 P2d 463

James N. Varner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Thomas H. Denney, Assistant Attorney General, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Defendant, proceeding *pro se*, was found guilty after a jury trial of two counts of assault in the fourth degree and three counts of harassment. He seeks reversal of those convictions, contending that his waiver of counsel was not made knowingly and intelligently, that the court erred in failing to recuse itself, that it abused its discretion in failing to grant him a continuance, and that it erred in admitting written statements of victims who were not present at trial and in allowing police officers to testify concerning verbal statements of the victims.

We have considered and reject each assignment of error. We write only to address defendant's contention that the judge committed reversible error when he failed to disqualify himself. On the morning of trial, after lengthy discussion concerning defendant's refusal to be represented by counsel, defendant said:

"I'd like to have me another judge, too. I'd like to fire you, sir.

"[THE COURT]: I'm sorry, Mr. Garza. You don't have the right to fire me. Whatever gave you that notion?

"[DEFENDANT]: I don't? I don't know, I think I do. I don't think you like me for some reason.

"[THE COURT]: I don't like your attitude. I don't have anything against you personally. *Your attitude stinks.*

"[DEFENDANT]: Well I would like to have another judge then.

"[THE COURT]: You're not going to get one, Mr. Garza." (Emphasis supplied.)

ORS 14.250 provides, in part:

"No judge of a circuit court shall sit to hear or try any suit, action, matter or proceeding when it is established, as provided in ORS 14.250 to 14.270, that any party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge."

ORS 14.260 provides, in part:

"(1) Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the belief described in ORS 14.250 by motion supported by

affidavit that such party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge, and that it is made in good faith and not for the purpose of delay. No specific grounds for the belief need be alleged. Such motion shall be allowed unless the judge moved against or the presiding judge in those counties where there is one, challenges the good faith of the affiant and sets forth the basis of such challenge.

"(2) The affidavit shall be filed with such motion at any time prior to final determination of such cause, matter or proceedings in uncontested cases, and in contested cases before or within five days after such cause, matter or proceeding is at issue upon a question of fact or within 10 days after the assignment, appointment and qualification or election and assumption of office of another judge to preside over such cause, matter or proceeding."

The statutory formalities for seeking disqualification of a judge cannot be disregarded. *See, e.g., State v. Hilborn,* 299 Or 608, 612, 705 P2d 192 (1985); *State v. Meyer,* 31 Or App 775, 778, 571 P2d 550 (1977). The parties appear to agree that it would not have been possible in this case for defendant to have satisfied the requirements of ORS 14.260, in light of the fact that defendant did not know of the reason for the disqualification until the day of trial. Defendant concedes that he did not file an affidavit, as permitted by ORS 14.260, and that his motion to disqualify the judge was not filed "within five days after [the] matter is at issue," as required by ORS 14.260(2). Thus, defendant cannot prevail in this case under Oregon's statutory law. That does not end the inquiry, however.

■ The United States and Oregon constitutions ensure that every person charged with a crime has a right to a fair and impartial trial. Essential to that protection is the requirement that the presiding judge maintain complete neutrality in the case. A trial judge is not a mere moderator, but governs the trial for the purpose of ensuring that the proceedings are properly conducted and that justice is administered fairly and impartially. The judge's duty to remain impartial requires that the judge be fair to both parties and avoid not only actual prejudice, but also the *appearance of prejudice* by either language or conduct. Many appellate courts, including this one, have held that, to ensure due process, a judge's *actual or*

*apparent* bias must by necessity result in disqualification, even when the statutory requirements for recusal have not been, or, as here, could not have been followed. *State v. Meyer, supra,* 31 Or App at 781; *see Rugenstein v. Ottenheimer,* 78 Or 371, 152 P 215 (1915).

■    In determining whether the trial judge should be disqualified, the inquiry is not only whether there was actual bias on the judge's part, but also whether the judge's conduct or words created "such a likelihood of bias or an appearance of bias that the judge was unable to hold the balance between vindicating the interest of the court and the interests of the accused." *Ungar v Sarafite,* 376 US 575, 588, 84 S Ct 841, 11 L Ed 2d 921 (1964); *see also Taylor v. Hayes,* 418 US 488, 501, 94 S Ct 2697, 41 L Ed 2d 897 (1974). As a consequence, trial judges must take extreme care in selecting words directed toward a party, so as to avoid what could reasonably appear to be prejudicial to that party.

■    However, we are mindful that, in the courtroom, a trial judge is often confronted with challenges where reliance on typical legalistic jargon – spoken with gentility – will serve no useful purpose in advancing the proceedings. Circumstances may dictate the need for the court to deliver its message with strong, plain talk. Understandably, the *pro se* defendant in this case was not well versed in legal terms of art and trial procedures. Likewise, the trial judge faced a difficult task in making his rulings and comments as clear and understandable as possible. Admittedly, some of the words he chose were harsh and we must be concerned with their potential for creating an appearance of prejudice. Given that concern, we have carefully listened to the audio transcript of these proceedings, with special attention to the judge's demeanor. We found that he spoke calmly and in a restrained tone, without acridity. We are satisfied that, to a reasonable person in defendant's position, the judge's words would not have created the appearance that defendant would not be treated objectively and without bias. Further, there is no indication that the judge's rulings during the course of the trial were influenced by bias or prejudice. Based on all of these circumstances, we conclude that the court's failure to recuse itself was not error.

Affirmed.