758 April 16, 2025 No. 341

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

WILLIAM FRANK OSBORNE,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
19CV52369; A181016

J. Burdette Pratt, Senior Judge.

Submitted March 3, 2025.

Margaret Huntington and Equal Justice Law filed the brief for appellant. William Frank Osborne filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief as to three convictions for first-degree sexual abuse, ORS 163.427, entered following his guilty pleas. He raises two assignments of error through counsel and two supplemental assignments of error *pro se.* In those first two assignments, petitioner contends that the post-conviction court erred when it denied relief on his claims alleging that his trial counsel provided ineffective assistance by failing, first, to timely move to disqualify a judge and, second, to advise petitioner of the possibility that the United States Supreme Court could determine in the future that nonunanimous jury verdicts are unconstitutional. Petitioner's supplemental assignments raise additional constitutional arguments. Petitioner's first assignment is not preserved, his second assignment is foreclosed under existing case law, and his supplemental assignments are not preserved or otherwise lack legal merit. Accordingly, we affirm.

Petitioner's first assignment of error is not preserved, and we therefore do not consider it. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim or error was preserved in the lower court[.]"). Petitioner was originally represented by trial counsel Balsley. The day after defendant was arraigned, Balsley moved to withdraw after discovering a conflict, and that motion was granted by Judge Stauffer. Petitioner's post-conviction theory was that motions to disqualify Judge Stauffer that were later filed by his replacement counsel, Fitzsimmons, were untimely and therefore constituted ineffective assistance. On appeal, petitioner now argues that Balsley provided ineffective assistance of counsel by failing to timely file a motion to disqualify Judge Stauffer before Balsley withdrew. Because petitioner did not raise that argument before the post-conviction court, we do not consider it here and reject his first assignment of error.

In his second assignment of error, petitioner asserts that Fitzsimmons should have informed him "that the jury would have to reach a unanimous verdict and, if it did not, petitioner could challenge the constitutionality

of the conviction on direct appeal." He contends that, had Fitzsimmons done so, he would have rejected the plea deal and gone to trial. His claim is directly foreclosed by *Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) ("[T]he obligation to exercise reasonable professional skill and judgment—under either [the United States or the Oregon] constitution—does not encompass an obligation to augur an about-face by the United States Supreme Court."), and *Peeler v. Reyes*, 328 Or App 110, 118, 537 P3d 206 (2023), *rev den*, 371 Or 825 (2024) (applying the holding in *Smith v. Kelly* to the petitioner's post-conviction challenge of his guilty plea: "the question is whether the defendant made an informed decision [to plea] based on the law as it was understood at that time," understanding that "[l]ater changes in the law * * * will not invalidate an earlier plea").

Petitioner's first supplemental assignment of error argues that he has a constitutional due process right to the removal of a judge based on his belief that the judgment would not be impartial. However, actual judicial bias is required to establish a due process violation. *See State v. Garza*, 125 Or App 385, 389, 865 P2d 463 (1993), *rev den*, 319 Or 81 (1994) (citing *Ungar v. Sarafite*, 376 US 575, 84 S Ct 841, 11 L Ed 2d 291 (1964), to explain that disqualification is necessary when the judge's "conduct or words" create such a strong likelihood of bias, or at least the appearance of bias, that the judge cannot balance vindicating the interest of the court and the interests of the defendant). Moreover, the record supports the post-conviction court's finding that petitioner did not show that Judge Stauffer had actual bias against defendant. That finding precludes a grant of relief under the theory that Judge Stauffer was actually biased. *See Bartholomew v. Cupp*, 13 Or App 436, 439, 510 P2d 355 (1973) (explaining where evidence in the record "amply supports the post-conviction court's findings" and those findings resolve an asserted "conflict in the evidence," we cannot disturb those findings on appeal).

Petitioner's second supplemental assignment of error asserts that counsel was constitutionally inadequate and ineffective in a variety of respects, most of which are

not connected to an identifiable ruling of the post-conviction court, ORAP 5.45(3), and some of which were never raised below, ORAP 5.45(1). For those reasons, the bulk of petitioner's assertions in the second supplemental assignment of error do not provide procedurally proper bases for reversal.

That leaves only petitioner's contention that the post-conviction court erred in rejecting his claim that Fitzsimmons was constitutionally inadequate for failing to advise him that the prosecutor could not manufacture charges based on "perjured statements"; petitioner alleged that the prosecutor threatened to do so in order to persuade him to take the proffered plea deal that he otherwise would not have accepted.

We review the post-conviction court's ruling for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015) (explaining the standard of review on appeal for a post-conviction court's denial of a petitioner's claim for relief). If supported by the evidence in the record, we are bound by the post-conviction court's findings of historical fact. *Id.*

Applying that standard of review here, the post-conviction court's findings of fact, which are supported by the record, bind us on appeal and preclude a ruling in petitioner's favor. The factual predicate of petitioner's claim is that the prosecutor threatened petitioner with additional charges. But the post-conviction court found to the contrary that the prosecutor, in fact, "did not threaten" additional charges and "did not have direct communication" with petitioner during the settlement conference. In view of that factual finding, which is supported by the record, the post-conviction court did not err in denying relief on petitioner's claim.

Affirmed.