No. 408 May 7, 2025 379

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LINDSEY JAMIE HINES,
*Defendant-Appellant.*

Marion County Circuit Court
20CR62140; A181729

Thomas M. Hart, Judge. (Judgment)

Channing Bennett, Judge. (Amended Judgment)

Submitted April 3, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

Defendant, appearing *pro se* during trial, was found guilty of strangulation and criminal mistreatment of her partner's two children, B and K. She assigns six errors. In her first three assignments of error, defendant contends that the trial court's comments throughout trial prejudiced her case. In her fourth and fifth assignments of error, defendant contends that portions of the prosecutor's argument were plainly improper. Defendant's final assignment of error challenges the imposition of restitution without a hearing. As explained below, we reject defendant's first five assignments of error, but we agree that the trial court erred in imposing restitution. Consequently, we remand for resentencing and otherwise affirm.

Defendant's first three assignments of error challenge the trial court's interjections during her *pro se* presentation of her case.[1] Acknowledging that her arguments are unpreserved, defendant requests plain error review. An error is plain, when among other things, it is "obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). And if those criteria are met, we must decide whether to exercise our discretion to correct the error. *State v. Ramirez*, 343 Or 505, 511-12, 173 P3d 817 (2007), *amended on recons*, 344 Or 195, 179 P3d 673 (2008).

Defendant argues that the trial court's repeated interjections denied her a fair trial because those comments "skewed the jury's factfinding role and showed bias for the state." Defendant, like all accused, has "the right to public trial by an impartial jury." Or Const, Art I, § 11. And because juries are "highly sensitive" to a trial court's words or conduct, a court must refrain from even the appearance of bias towards any litigant to maintain an impartial jury. *State v. Mains*, 295 Or 640, 656, 669 P2d 1112 (1983).

---

[1] In her first assignment of error, defendant contends that the trial court's comments were biased and prevented her from having a fair trial; in her second assignment of error, she contends that the trial court erred by commenting on the evidence; and in her third assignment of error, she contends that the trial court erred by failing to *sua sponte* declare a mistrial because of its interference and improper comments.

After reviewing the record, we conclude that it is not obvious that the trial court's comments biased defendant's case to the extent that she did not receive a fair trial. Although the trial court's comments were often pointed, when read in context, they did not demonstrate bias in favor of the prosecution or usurp the jury's factfinding role. *See State v. Garza*, 125 Or App 385, 389, 865 P2d 463 (1993), *rev den*, 319 Or 81 (1994) (explaining that "[c]ircumstances may dictate the need for the court to deliver its message with strong, plain talk"); *see also Douglas and Minzer*, 334 Or App 341, 345, 556 P3d 1041 (observing that a trial "court may reasonably control the presentation of evidence, the examination of witnesses, and the progress of trial").

In her fourth assignment of error, defendant contends that the trial court plainly erred by allowing the state to rely on defendant's in-court behavior as evidence of her guilt. *See State v. Stull*, 296 Or App 435, 440, 438 P3d 471 (2019) (explaining that courtroom behavior and statements by "parties, are not 'evidence' when those statements are not given while a person is under oath on the witness stand"). Defendant acknowledges that her arguments are unpreserved and requests plain error review.

Defendant identifies two prosecutorial arguments that, in her view, improperly referenced her courtroom behavior. First, during closing, the prosecutor argued that, "you've seen the manipulation from the defendant." However, it is not obvious whether the "manipulation" that the prosecutor was referencing was defendant's courtroom behavior as opposed to the evidence of her interactions with B and K, whose testimony the prosecutor addressed immediately after making that comment.

The second comment is more concerning. During the prosecutor's closing, she argued that defendant "stands before you and she cries * * * [Y]ou've heard about that manipulation. You've seen it in court when she talks to these children." Although defendant is correct that the prosecutor's comment was an improper reference to her courtroom behavior, it does not warrant reversal because "considering all of the circumstances," a curative instruction could have remedied the harm. *State v. Chitwood*, 370 Or

305, 311-12, 518 P3d 903, 911 (2022). The prosecutor referenced defendant's in-court behavior only once. *Cf. Stull*, 296 Or App at 443-44 (finding reversible error where the prosecutor "repeatedly, expressly ask[ed] the jury to consider" the defendant's courtroom behavior). And the prosecutor's comment was isolated; she immediately moved on to describe the evidence in the record and did not again suggest that the jury consider defendant's in-court behavior as evidence of guilt. *Cf. State v. Cox*, 272 Or App 390, 410, 359 P3d 257 (2015) (concluding that the prosecutor's referring to defendant as a "wife beater," "drug dealer," and other names was incurable because the prosecutor, despite warning from the trial court, "expressly urged jurors to infer defendant's guilt" based on those improper inferences). Because the trial court could have cured the prosecutor's improper comment had defendant objected (*i.e.*, instructing the jury to not consider defendant's courtroom behavior during deliberations), the error is not plain. *See State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023) (concluding that "prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review" (emphasis in original)).

In her fifth assignment of error, which is also unpreserved, defendant challenges an argument in which she contends the prosecutor impermissibly drew a negative inference based on defendant's constitutional right to trial and self-representation. *See, e.g.*, *State v. Ashbaugh*, 330 Or App 680, 684, 544 P3d 414, *rev den*, 372 Or 588 (2024) (explaining that a prosecutor's comments that the defendant "exercised a constitutional right, such as the right to counsel, *** may prejudice the defendant's ability to have a fair trial" (internal quotation marks omitted)). Defendant takes issue with the following comment:

> "[THE PROSECUTOR:]   This is not a case about conspiracy theories. This is a case where the defendant comes to you and tries to stand on the backs of the children she abused and says, 'Well, because maybe in the past there was a false allegation,' which was them literally doing what they could to protect themselves."

It is not clear—and certainly not obvious—that that argument improperly commented on defendant's right to trial

and self-representation. Rather, the prosecutor appeared to be challenging defendant's theory of the case—that the children falsely accused defendant of abuse based on her acrimonious relationship with their father. Accordingly, we reject defendant's fifth assignment of error.

In her final assignment of error, defendant contends (and the state concedes) that the trial court erred by imposing restitution without holding a hearing. We review restitution orders for errors of law. *State v. Thomas*, 281 Or App 685, 691, 386 P3d 218 (2016). A trial court may not impose restitution outside a defendant's presence unless the defendant makes a valid waiver not to be present. *State v. Sidener*, 308 Or App 155, 156, 478 P3d 605 (2020). Defendant made no such waiver; therefore, the trial court erred in imposing a $874.60 restitution award without holding a hearing. *See State v. Howard*, 292 Or App 517, 522, 424 P3d 803 (2018) (reversing and remanding to correct the trial court's error of imposing restitution).

Remanded for resentencing; otherwise affirmed.