612 May 13, 2026 No. 416

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Krystin N. HOGGARD,
*Petitioner-Appellant,*

*v.*

Paul J.A. GANTZ,
*Respondent-Respondent.*

Deschutes County Circuit Court
19DR19958; A187131

Michelle A. McIver, Judge.

Submitted February 19, 2026.

Krystin Hoggard filed the briefs *pro se.*

No appearance for respondent.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Mother appeals a judgment awarding father unsupervised parenting time with the parties' minor child. Mother raises five assignments of error. In her first four assignments, mother challenges the trial court's decision to award father unsupervised parenting time. In her fifth assignment, mother argues that the trial court exhibited judicial bias and engaged in improper conduct. We conclude that the trial court acted within its discretion in awarding unsupervised visitation and that the record does not support mother's claim of judicial bias or improper misconduct. Accordingly, we affirm.

We review a trial court's decision relating to parenting time first for legal error to determine "whether the trial court applied the correct legal standard in making the challenged 'best interests' determination." *Finney-Chokey and Chokey*, 280 Or App 347, 360, 381 P3d 1015 (2016), *rev den*, 361 Or 100 (2017). We review the court's best-interests determination itself for an abuse of discretion, and "we will reverse only if the trial court's discretionary determination [was] not a legally permissible one." *Sjomeling v. Lasser*, 251 Or App 172, 187, 285 P3d 1116, *rev den*, 353 Or 103 (2012). The trial court abuses its discretion if it exercises that discretion "in a manner that is unjustified by, and clearly against, reason and evidence." *Forsi v. Hildahl*, 194 Or App 648, 652, 96 P3d 852 (2004).

ORS 107.105(1)(b) provides that the court shall develop a parenting plan in the best interest of the child, ensuring the noncustodial parent sufficient access to the child to provide for appropriate quality parenting time. The best-interests analysis, in turn, requires the court to consider the ORS 107.137(1) best-interest custody factors. *Davison and Schafer,* 308 Or App 513, 518, 479 P3d 1108 (2021). The court must consider all of the *relevant* factors, bearing in mind that "none of [them], alone, is dispositive." *Sjomeling,* 251 Or App at 188.

In her first four assignments of error, mother argues that the trial court misapplied ORS 107.137 by giving dispositive weight to ORS 107.137(1)(f)—the willingness and

ability of each parent to facilitate and encourage a close relationship between the other parent and child—and by failing to adequately consider evidence bearing on the child's best interests. The record shows, however, that the trial court considered the evidence and did not give dispositive weight to the facilitation factor. The trial court expressly considered multiple statutory factors, including ORS 107.137(1)(a) (emotional ties between the child and family members), ORS 107.137(1)(b) (the parties' interest and attitude toward the child), and ORS 107.137(1)(c) (the desirability of continuing an existing relationship), as well as the facilitation factor. Although the court noted that mother's unwillingness to facilitate the child's relationship with father weighed against her under that factor, the court considered the relevant factors as a whole in determining the child's best interests.

Because the trial court did not misapply ORS 107.137 or abuse its discretion in modifying parenting time, we reject mother's first four assignments of error.

In her fifth assignment of error, mother argues that the trial court exhibited judicial bias and engaged in improper conduct when addressing her at trial. Evaluated in context, the record shows that the trial court was responding to mother's repeated requests for clarification regarding the facilitation factor and explaining why the court concluded that the factor weighed against her. Without more, that interaction does not establish bias or improper conduct. *State v. Garza*, 125 Or App 385, 387, 865 P2d 463 (1993) (a judge who told a defendant "Your attitude stinks" was not required to recuse himself because the judge had spoken calmly in response to a challenge where typical legalistic jargon would serve no purpose in advancing proceedings).

Affirmed.